### HOLLYWOOD ASSOCIATES, Inc. v. MORRIS.

United States District Court
S. D. New York.
July 9, 1952.

12. 196 F.2d at page 836.

13. I am not now deciding the question of when the claim for an accounting should be tried.

142

Samuel J. Stoll, Jamaica, N. Y., for plaintiff.

Harry Price, New York City, for defendant.

EDELSTEIN, District Judge.

In this action for a declaratory judgment on a patent matter, the defendant has moved to dismiss upon the ground that there is no controversy between plaintiff and defendant. While not specifically labeled, the motion is one under Rule 12(b) (1) of the Federal Rules of Civil Procedure, 28 U.S.C.A., based upon a lack of jurisdiction over the subject matter. The existence of an actual controversy is necessary to establish jurisdiction under the Federal Declaratory Judgment Act, 28 U. S.C.A. §§ 2201, 2202, and this motion is an appropriate manner to challenge the allegations of jurisdictional fact. The jurisdictional facts having been so challenged, the plaintiff must support them by competent proof, McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 56 S. Ct. 780, 80 L.Ed. 1135; KVOS, Inc. v. Associated Press, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183, which may be submitted under Rule 43(e).

Both parties have submitted affidavits and certain supporting exhibits. Plaintiff's affidavit sets forth several specific examples of the defendant's threats of infringement suits against the former's customers, and further indicates the fact that the plaintiff did exist and have customers at the time in question. Defendant's affidavits are largely on information and belief and are not worthy of weighty consideration as contradictory of the plaintiff's proof. Accordingly, I find that the plaintiff has sustained his burden of establishing the existence of an actual controversy between the parties, and the defendant's motion will be denied.